## PEOPLE v BUTLER

### OPINION OF THE COURT

1. CRIMINAL LAW—PLEA OF GUILTY—APPEAL AND ERROR—MOTION TO WITHDRAW PLEA.

   The better and correct procedure rather than appealing from the acceptance of a plea of guilty—and the cheaper and more expeditious one—is to move in the trial court to vacate the conviction and withdraw the plea.

2. CRIMINAL LAW—CONSTITUTIONAL LAW—PLEA OF GUILTY—WAIVER OF RIGHTS—COURTS—DECISIONS—RETROACTIVE APPLICATION—PROSPECTIVE APPLICATION.

   A decision of the United States Supreme Court on June 2, 1969 relating to waiver of a defendant's constitutional rights in taking of his plea of guilty was not retroactive and has prospective application only.

3. CRIMINAL LAW—PLEA OF GUILTY—CONSTITUTIONAL LAW—WAIVER OF RIGHTS—UNDERSTANDING PLEA—VOLUNTARINESS.

   The underlying principle in both Federal and Michigan law relating to the taking of guilty pleas is that the defendant in pleading guilty waives a number of important constitutional rights and can be permitted to do so only if he does so understandingly and voluntarily (MCLA 768.35; GCR 1963, 785.3).

---

* Continued from volume 386 Mich.

---

### REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 504 et seq.
[2, 10] 21 Am Jur 2d, Courts § 236.
21 Am Jur 2d, Criminal Law § 484 et seq.
Comment Note.—Prospective or retroactive operation of overruling decision. 10 ALR3d 1371.
[3–8, 11] 21 Am Jur 2d, Criminal Law § 484 et seq.
[9] 53 Am Jur, Trial § 74 et seq.
[11] Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

4. CRIMINAL LAW—PLEA OF GUILTY—CONSTITUTIONAL LAW—SELF-INCRIMINATION—REMAND.

> Conviction should be vacated and case remanded to the circuit court for further proceedings consonant with the opinion of the Michigan Supreme Court where a thorough review of the record of the lower court proceedings in the acceptance of defendant's plea of guilty fails to disclose that defendant was ever advised concerning his constitutional right against self-incrimination.

5. CRIMINAL LAW—PLEA OF GUILTY—EXAMINATION OF ACCUSED—INTERROGATION BY COUNSEL.

> Interrogation of defendant, by his counsel, as to how he drove a car away more than satisfies Michigan decisions concerning the taking of a plea of guilty where defendant was charged with and pled guilty of unlawfully driving away an automobile (MCLA 750.413).

### DISSENTING OPINION
### T. E. BRENNAN, J.

6. CRIMINAL LAW—PLEA OF GUILTY—COURT RULES.

> *There is no substantial difference between the Federal rule and the Michigan court rule concerning a plea of guilty; if anything, the Michigan rule seems more precise and demanding (GCR 1963, 785.3[2]; FR Crim P, 11).*

7. CRIMINAL LAW—PLEA OF GUILTY—COURT RULES.

> *A United States Supreme Court decision does not require more ritual, more formalism in state court guilty pleas than Federal Rule 11 requires of the United States District Courts (FR Crim P, 11).*

8. CRIMINAL LAW—PLEA OF GUILTY—SELF-INCRIMINATION—JURY TRIAL—CONFRONTATION.

> *A defendant, entering a plea of guilty, need not be advised on the record that: (1) he has the privilege against compulsory self-incrimination, (2) he is entitled to a jury trial, and (3) he has the right to confront his accusers.*

9. CRIMINAL LAW—PLEA OF GUILTY—JUDGES.

> *The United States Supreme Court has not yet adopted the dangerous and novel requirement that a trial judge must play the role of defense counsel and give the defendant legal advice from the bench.*

DISSENTING OPINION
BLACK, J

10. CRIMINAL LAW—CONSTITUTIONAL LAW—PLEA OF GUILTY—
WAIVER OF RIGHTS—COURTS—DECISIONS—RETROACTIVE APPLICA-
TION.

*A decision of the United States Supreme Court, on June 2, 1969,
relating to waiver of a defendant's constitutional rights in the
taking of his plea of guilty does not have retroactive applica-
tion and does not affect the validity of a plea of guilty taken
before the date of that decision.*

11. CRIMINAL LAW—PLEA OF GUILTY—ACCUSATION—CONSEQUENCES
OF PLEA—EXAMINATION OF ACCUSED—DISCRETION—MISCARRIAGE
OF JUSTICE—STATUTES—COURT RULES.

*Procedure for accepting pleas of guilty is governed by statute
and court rule; a court is required to inform the accused of
the nature of the accusation and the consequences of his plea
and is also required to examine the accused to determine if the
plea was freely, understandingly and voluntarily made, the
form and manner of this examination is within the discretion of
the trial court; and nothing in the briefs and records of a case
in which a plea of guilty was accepted is persuasive that a
miscarriage of justice has taken place where the above require-
ments were satisfied and nothing exists which would show
that the plea was not knowingly and voluntarily made or that
defendant did not know the nature of the charge or the con-
sequence of his plea (MCLA 768.35; GCR 1963, 785.3).*

Appeal from Court of Appeals, Division 2, R. B.
Burns, P. J., and Fitzgerald and Van Domelen, JJ.,
affirming Oakland, Arthur E. Moore, J. Submitted
June 24, 1971. (No. 30 June Term 1971, Docket No.
52,863.) Decided March 9, 1972.

23 Mich App 643 reversed.

Gary Butler was convicted, on his plea of guilty,
of unlawfully driving away an automobile. Defend-
ant appealed to the Court of Appeals. Affirmed.
Defendant appeals. Reversed, conviction vacated,
and remanded to circuit court.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *Dennis Donohue,* Chief Appellate Counsel, for the people.

*Gordon Snavely (Douglas Chartrand,* of counsel), for defendant.

WILLIAMS, J.  Defendant raises two issues on appeal in this case.[1]  First, he contends that *Boykin* v *Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969), applies retroactively and requires that the record affirmatively disclose that defendant was expressly informed of and specifically waived his constitutional rights to trial by jury, to confront his accusers, and against self-incrimination prior to the acceptance of his plea of guilty and that the record shows the trial court failed to advise the defendant

---

[1] This case is one of the quartette of *People* v *Rufus Williams,* 386 Mich 277 (1971), *People* v *Jaworski,* 387 Mich 21 (1972), *People* v *Butler,* 387 Mich 1 (1972) and *People* v *Johnson,* 386 Mich 305 (1971).  Together they consider the principal rules of law relating to the taking of guilty pleas.  *Williams* relates more particularly to the requirement that the trial judge ascertain the factual basis of the alleged crime to which the defendant is pleading guilty, especially in light of *People* v *Barrows,* 358 Mich 267 (1959).  *Jaworski* deals with whether the plea was *understandingly* made, more specifically with whether the defendant was adequately advised of his rights so that his guilty plea constitutionally waived them.  *Jaworski* also considers the general implications of *Boykin* v *Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969).  *Butler* is a pre-*Boykin* case.  Its main point is whether substantial compliance requires advising defendant of substantially all of his rights or substantially advising defendant of all his rights.  *Johnson's* main consideration is whether the guilty plea was *voluntarily* made, more specifically whether it was made without *duress* or *promise of leniency.* It also deals with the *Boykin* challenge.  Procedurally, since *Johnson's* main point is not a guilty plea record matter, *Johnson* also considers how and when such review should be handled.

These cases also conclude that the state of the law on this subject and the general understanding of the law leaves much to be desired.  The Supreme Court has set up a committee to consider the whole matter and recommend clarifying and definitive rules to be strictly followed after adoption.

of his privilege against compulsory self-incrimination.[2]   Second, he claims that the requirement of *People* v *Barrows*, 358 Mich 267 (1959), that the court "examine the accused" for the purpose of establishing the crime and defendant's participation therein, can only be satisfied by direct questioning of the defendant by the court.

On March 20, 1969, Gary Darwin Butler stood mute at his arraignment on the charge of possession of a stolen motor vehicle. Subsequently, the prosecution added a second count of unlawfully driving away an automobile. With the representation of counsel, defendant pled guilty to the added count on May 7, 1969. *Boykin* was decided on June 2, 1969.

At the plea proceeding defendant's attorney promised to file a written statement, previously signed by the defendant, in which defendant asserted that his plea was understandingly and voluntarily made. In response to the court's concern that a record be made demonstrating the voluntariness of defendant's plea as required by the court rule on the taking of guilty pleas, defendant's lawyer proceeded to question him regarding the factual details of the crime and his participation therein. The court personally inquired of defendant whether his plea was motivated by any threats, promises or other inducements. The court accepted defendant's plea. On appeal[3] the Court of Appeals affirmed the plea conviction in a *per curiam* opinion. Deciding

[2] This is the same issue raised in *Jaworski*. However, *Jaworski* is post-*Boykin* and *Butler* is pre-*Boykin*.

[3] Defendant pled guilty May 7 and was sentenced June 12, 1969. Before the month was out appeal at public expense was initiated. For reasons set forth in footnote 3 to *Jaworski*, this writer believes the better and correct procedure—and the cheaper and more expeditious one—is to move in the trial court to vacate the conviction and withdraw the plea.

that *Boykin* applied prospectively only, the Court of Appeals opined that the *Barrows* rule that the court "examine the accused" to ascertain a factual basis for the plea and presumably the requirement that the plea be freely, understandingly and voluntarily made could be complied with in a form and manner in the discretion of the trial court. Thus, the examination of defendant by his lawyer in open court at the time the plea was offered satisfied the requirement of ascertaining a factual basis for the plea. As for the failure to advise the defendant of his privilege against compulsory self-incrimination, the Court of Appeals found "nothing exists which would show that the plea was not knowingly and voluntarily made," etc. We granted leave to appeal primarily to decide the retroactivity of *Boykin*.

## I.

The United States Supreme Court has not yet passed on the question of the retroactivity of *Boykin*. *Brady* v *United States*, 397 US 742, 747; 90 S Ct 1463, 1468; 25 L Ed 2d 747 (1970). However, several state supreme courts have considered the question of *Boykin's* retroactivity and have uniformly given *Boykin* prospective application only. *In re Tahl*, 1 Cal 3d 122; 460 P2d 449; 81 Cal Rptr 577 (1969); *Ernst* v *State*, 43 Wis 2d 661; 170 NW2d 713 (1969); *State* v *Urbano*, 105 Ariz 13; 457 P2d 343 (1969); *Ward* v *People*, 172 Colo 244; 472 P2d 673 (1970); *People* v *Williams*, 44 Ill 2d 334; 255 NE2d 385 (1970); *State* v *Jackson*, 173 NW2d 567 (Iowa, 1970); *Crego* v *State*, 447 SW2d 550 (Mo, 1969); *Commonwealth* v *Godfrey*, 434 Pa 532; 254 A2d 923 (1969). We agree with our sister states. See also *Linkletter* v *Walker*, 381 US 618; 85 S Ct

1731; 14 L Ed 2d 601 (1965) and *Halliday* v *United States,* 394 US 831; 89 S Ct 1498; 23 L Ed 2d 16 (1969).

## II.

Having determined that *Boykin* has only prospective effect, we turn to the question whether the plea in this case is valid under Michigan law.

The written statement signed by the defendant specifically contains a waiver of the right to jury trial. It also states that defendant understands that he is presumed innocent until proven guilty and that his guilt must be proven beyond a reasonable doubt. Another written statement asserts that defendant had an adequate opportunity to "converse and counsel" with his lawyer. In fact, the trial court and counsel have quite meticulously compiled a most exemplary record except for the failure to advise the defendant of his right against self-incrimination. This right is a right guaranteed both by the Federal and Michigan Constitutions.

The underlying principle in both Federal and Michigan law relating to the taking of guilty pleas is that the defendant in pleading guilty waives a number of important constitutional rights and can be permitted to do so only if he does so understandingly and voluntarily.

This principle is articulated in Michigan through MCLA 768.35; MSA 28.1058, and GCR 1963, 785.3, and *People* v *Barrows, supra.* For full discussion see *People* v *Jaworski,* 387 Mich 21 (1972) released this day.

The four cases of *People* v *Hobdy,* 380 Mich 686 (1968); *People* v *Dunn,* 380 Mich 693 (1968); *People* v *Stearns,* 380 Mich 704 (1968); and *People* v *Winegar,* 380 Mich 719 (1968), indicate that the mandates

of the statute, court rule, and *Barrows* are satisfied by substantial compliance. *People* v *Rufus Williams,* 386 Mich 277 (1971). The issue in this case therefore becomes whether there is substantial compliance where the record shows that in taking the guilty plea the defendant was properly advised of his rights except his right against self-incrimination.

Logically there are two ways of looking at this. First, "you must advise the defendant of *substantially all of his rights,"* or second, "you must *substantially advise* defendant of all of his rights."

The cases hold that a defendant must be substantially advised of each of his rights. *People* v *Winegar, supra, People* v *Dunn, supra,* and *People* v *Jaworski,* 387 Mich 21 (1972). As noted previously, a thorough review of the record of the lower court proceedings in the instant case fails to disclose that the defendant was ever advised concerning his constitutional right against self-incrimination. Therefore we must vacate the defendant's conviction and remand to the circuit court for further proceedings consonant with this opinion.

### III.

Regarding defendant's claim that *People* v *Barrows, supra,* necessitates direct personal inquiry of the defendant for purposes of ascertaining the factual basis of the plea, defendant's counsel interrogating defendant as to how he drove the car away more than satisfied *Barrows, People* v *Rufus Williams, supra, People* v *Stearns, supra.*

We emphasize that what we say in Part II has no application to pleas of guilty taken after April 1, 1972. This Court has invited members of the trial and appellate bench along with members of the bar to review GCR 1963, 785.3 to determine whether it

best expresses the practical and legal principles for accepting a plea of guilty, and, if not, to recommend a better one. It is the Court's intention that the new rule shall be effective for all guilty pleas taken on and after April 1, 1972. As of that time the new rule shall be followed specifically and strictly, and where a judge shall fail to follow the prescribed procedures, it shall be treated as reversible error.

Reversed, conviction vacated, and remanded to the circuit court for further proceedings consonant with this opinion.

T. M. KAVANAGH, C. J., and T. G. KAVANAGH and SWAINSON, JJ., concurred with WILLIAMS, J.

ADAMS, J., concurred in the result.

## APPENDIX I

## TRANSCRIPT OF PLEA PROCEEDINGS

*Mr. Davey* [*assistant prosecuting attorney*]: Your Honor, this matter is scheduled for trial on Tuesday, May 13, this matter entitled People of the State of Michigan versus Gary Darwin Butler, also known as Thomas Robinson.

(Defendant standing.)

*Mr. Davey:* This Respondent is charged with Possession of a stolen motor vehicle, and this matter has been scheduled for trial on Tuesday of next week.

At this time the People move to add a second Count to the Information and the second count would indicate that the Respondent is charged with the crime of Unlawful Driving Away an Automobile.

*Mr. Snavely* [*attorney for defendant*]: I have no objection to that added count, Your Honor.

*The Court:* It is so ordered.

*Mr. Snavely:* For the record, I am Gordon Snavely and I have no objection that the count has been

added. At this time I would like on behalf of Mr. Butler and after conversation with Mr. Butler and the prosecuting attorney and I believe the Court on one previous occasion, I would like to enter a plea of Guilty to the added second count.

Is this your wish, Mr. Butler?

*Defendant Butler:* Yes, it is.

*Mr. Snavely:* Any questions, Your Honor?

*The Court:* I understand that you have a written plea that will be filed?

*Mr. Snavely:* I will file one, Your Honor.

*Mr. Davey:* I might say, Your Honor, that Unlawfully Driving Away an Automobile carries a maximum penalty of five years in State's Prison.

*The Court:* Do you want to interrogate your client about this matter?

*Mr. Snavely:* Do you have any questions that you would like to ask about this charge?

*The Court:* I am only interested that he put on the record the voluntariness of the information which is in your written plea, and which is required under the Court Rules.

*Mr. Snavely:* Mr. Butler, is it true that it is, that I as your attorney have received a copy of the Information in this case?

*Defendant Butler:* Yes, it is.

*Mr. Snavely:* And you understand the elements of the charge, the second count that has been added by the prosecutor at this time, to-wit, Unlawfully Driving Away an Unauthorized Automobile?

*Defendant Butler:* Yes.

*Mr. Snavely:* And do you understand this has a maximum penalty of five years?

*Defendant Butler:* Yes, I do.

*Mr. Snavely:* Do you know that you are entitled to a trial by jury or by the Court, whichever you choose?

*Defendant Butler:* Yes, I do.

*Mr. Snavely:* Tell the Court in your own words what happened on the date of the alleged offense.

*Defendant Butler:* Well, I went into the car-lot. I took the car.

*Mr. Snavely:* What type of car was this?

*Defendant Butler:* A 1967 Pontiac.

*Mr. Snavely:* Did you have anyone's consent to drive this car away?

*Defendant Butler:* No.

*Mr. Snavely:* How did you operate it; did you have keys?

*Defendant Butler:* No, pulled the wires under the dash.

*Mr. Snavely:* Then what happened after you drove away from the car-lot?

*Defendant Butler:* I was picked up in Wixom.

*Mr. Snavely:* By whom?

*Defendant Butler:* The Wixom police.

*Mr. Snavely:* Then were you arrested?

*Defendant Butler:* Right.

*Mr. Snavely:* You did not have anyone's permission and consent to drive the automobile, did you?

*Defendant Butler:* No.

*Mr. Snavely:* Is it your desire at this time to plead guilty to the added second count?

*Defendant Butler:* Yes, I do.

*Mr. Snavely:* You realize, of course, that you are placing yourself in the hands and at the mercy of the Court?

*Defendant Butler:* Yes, I do.

*Mr. Snavely:* And you realize, of course, that although you have told me that you wish to waive any pre-sentence examination or investigation that we will have to wait for the same, you will have to be investigated before the Judge will be able to sentence you?

*Defendant Butler:* Yes, I do.

*Mr. Snavely:* Your Honor, I would like to make the statement that he told me that he would wish to waive this pre-sentence investigation, but I have told him that this wouldn't be possible.

*The Court:* Let me ask you just one more question, if I may. What you have told your attorney is the truth?

*Defendant Butler:* Yes, it is, (sic.) Your Honor.

*The Court:* Have any threats or promises or any other inducements been proffered to you to obtain this plea or is it voluntarily made?

*Defendant Butler:* Voluntarily made.

*The Court:* Very well, the plea is accepted on filing of the written plea. The matter is referred to the Probation Department for presentence investigation and report. The case is continued to and sentence will be pronounced on the 11th day of June, next, at nine o'clock in the morning. Mr. Snavely, if the Probation Department can get at this earlier, we will be glad to take it up at your convenience.

*Mr. Snavely:* Thank you, Your Honor.

*Mr. Davey:* Thank you, Your Honor.

## APPENDIX II

### WRITTEN STATEMENT OF PLEA OF GUILTY

TO THE ABOVE COURT:

I hereby tender to this court a plea of Guilty to Count II of the Information filed in this cause; namely, to the offense charge—U.D.A.A., and do hereby state and represent to the court as follows:

1. I know, have (read, heard read,) understand, and have a copy of the Information in this cause.

2. I know and understand the elements of the offense, of which I am charged and which must be proved against me, are as follows:

To-wit, that:

      (a) Unlawful

      (b) Driving

      (c) Away of an

      (d) Automobile

3. I know I am entitled to a trial by jury, or by the court, and that at such trial I will be presumed in-

nocent until I have been proven guilty, and that my guilt must be established by the prosecution beyond a reasonable doubt.

4. I have previously had full and adequate opportunity to converse and counsel with my lawyer and with such of my friends and relatives as I desire.

5. I know and understand that on being found guilty, or on a plea of guilty being accepted and entered, this court may impose a sentence upon me of—

   (a) probation for a period of years, or
   (b) imprisonment in the State Prison for a minimum term of _____ years to a maximum term of 5 years, and
   (c) that a fine in addition or in the alternative may be imposed in the maximum amount of $ _____ .

6. I plead guilty because I am guilty, and I do so voluntarily, freely, [understandingly,] and without promise of leniency, and without any undue influence, compulsion, duress, threat or constraint.

                    (s)  Gary Darwin Butler
                         Respondent
DATED: 5–4–69

   I, attorney of record for said respondent, hereby certify that his foregoing statement is voluntarily made, and that I agree thereto and approve thereof.

                    (s)  Gordon A. Snavely
                         Attorney for Respondent
                         Business Address:
                            410 Pontiac State Bk. Bldg.
                            Pontiac, Michigan
DATED: 5–7–69


   T. E. BRENNAN, J. (*dissenting*). *Boykin* v *Alabama* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969), has not been uniformly understood in these parts.

To put the controversy in focus, the following excerpt from *Boykin* should be re-examined:

"A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment. See *Kercheval* v *United States*, 274 U.S. 220, 223 [47 S Ct 582; 71 L Ed 1009 (1927)]. Admissibility of a confession must be based on a 'reliable determination on the voluntariness issue which satisfies the constitutional rights of the defendant.' *Jackson* v *Denno*, 378 U. S. 368, 387 [84 S Ct 1774; 12 L Ed 2d 908; 1 ALR3d 1205 (1964)]. The requirement that the prosecution spread on the record the prerequisites of a valid waiver is no constitutional innovation. In *Carnley* v *Cochran*, 369 U. S. 506, 516 [82 S Ct 884; 8 L Ed 2d 70 (1962)], we dealt with a problem of waiver of the right to counsel, a Sixth Amendment right. We held: 'Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver.'

"We think that the same standard must be applied to determining whether a guilty plea is voluntarily made. For, as we have said, a plea of guilty is more than an admission of conduct; it is a conviction.[4] Ignorance, incomprehension, coercion, terror, inducements, subtle or blatant threats might be a perfect cover-up of unconstitutionality. The question of an effective waiver of a federal constitutional right in a proceeding is of course governed by federal standards. *Douglas* v *Alabama*, 380 U. S. 415, 422 [85 S Ct 1074; 13 L Ed 2d 934 (1965)].

---

"4 'A plea of guilty is more than a voluntary confession made in open court. It also serves as a stipulation that no proof by the prosecution need be advanced . . . . It supplies both evidence and verdict, ending controversy.' *Woodward* v. *State*, 42 Ala. App. 552, 558, 171 So. 2d 462, 469 [1965].

"Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. *Malloy v Hogan,* 378 U. S. 1 [84 S Ct 1489; 12 L Ed 2d 653 (1964)]. Second, is the right to trial by jury. *Duncan v Louisiana,* 391 U. S. 145 [88 S Ct 1444; 20 L Ed 2d 491 (1968)]. Third, is the right to confront one's accusers. *Pointer v Texas,* 380 U. S. 400 [85 S Ct 1065; 13 L Ed 2d 923 (1965)]. We cannot presume a waiver of these three important federal rights from a silent record.[5]

"What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may be later sought[6] (*Garner v Louisiana,* 368 U. S. 157,

"[5] In the federal regime we have Rule 11 of the Federal Rules of Criminal Procedure which governs the duty of the trial judge before accepting a guilty plea. See *McCarthy* v. *United States,* 394 U.S. 459 [89 S Ct 1166; 22 L Ed 2d 418 (1969)]. We said in that case:

"'A defendant who enters such a plea simultaneously waives several constitutional rights, including his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers. For this waiver to be valid under the Due Process Clause, it must be "an intentional relinquishment or abandonment of a known right or privilege." *Johnson* v. *Zerbst,* 304 U.S. 458, 464 [58 S Ct 1019; 82 L Ed 1461] (1938). Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void. Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts.' *Id.,* at 466.

"[6] Among the States requiring that an effective waiver of the right to plead not guilty appear affirmatively in the record are Colorado, Colo. Rev. Stat. Ann. § 39–7–8; Illinois, Ill. Rev. Stat. c. 38, §§ 113–1 to 114–14; Missouri, *State* v. *Blaylock,* 394 S.W.2d 364 (1965); New York, *People* v. *Seaton,* 19 N.Y.2d 404, 407, 227 N.E.2d 294, 295 (1967); Wisconsin, *State* v. *Burke,* 22 Wis. 2d 486, 494, 126 N.W.2d

173 [82 S Ct 248; 7 L Ed 2d 207 (1961)]; *Specht* v *Patterson*, 386 U. S. 605, 610 [87 S Ct 1209; 18 L Ed 2d 326 (1967)]), and forestalls the spin-off of collateral proceedings that seek to probe murky memories.[7]

"The three dissenting justices in the Alabama Supreme Court stated the law accurately when they concluded that there was reversible error 'because the record does not disclose that the defendant voluntarily and understandingly entered his pleas of guilty.' 281 Ala., at 663, 207 So. 2nd, at 415."

From this language, some of my Brothers have concluded that the Supreme Court of the United States has now declared as an inflexible rule of constitutional law that a plea of guilty in a state criminal case does not satisfy the mandate of the due process clause of the Fourteenth Amendment unless, prior to the acceptance thereof, the court shall have expressly told the defendant on the record that his plea of guilty will deprive him of his Fifth Amendment privilege against compulsory self-incrimination, and his Sixth Amendment rights to jury trial and confrontation.

*Boykin* simply does not require such a procedure.

The recorded guilty plea which the United States Supreme Court found constitutionally infirm in *Boykin* was as follows:

"[1]The record states only that:

" 'This day in open court came the State of Ala-

---

91, 96 (1964); and Washington, *Woods* v. *Rhay*, 68 Wash. 2d 601, 605, 414 P.2d 601, 604 (1966).

"[7] 'A majority of criminal convictions are obtained after a plea of guilty. If these convictions are to be insulated from attack, the trial court is best advised to conduct an on the record examination of the defendant which should include, inter alia, an attempt to satisfy itself that the defendant understands the nature of the charges, his right to a jury trial, the act sufficient to constitute the offenses for which he is charged and the permissible range of sentences.' *Commonwealth ex rel. West* v. *Rundle*, 428 Pa. 102, 105–106, 237 A.2d 196, 197–198 (1968)."

bama by its District Attorney and the defendant in his own proper person and with his attorney, Evan Austill, and the defendant in open court on this day being arraigned on the indictment in these cases charging him with the offense of Robbery and plead guilty.' Appendix 4."

Rule 11 of the Federal Rules of Criminal Procedure governs the duty of a Federal trial judge before accepting a guilty plea.

Rule 11 is as follows:

"A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere.* The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea. (As amended Feb. 28, 1966, eff. July 1, 1966.)"

GCR 1963, 785.3(2) provides:

"Imposing Sentence. If the accused pleads guilty, after such plea and before sentence the court shall inform the accused of the nature of the accusation and the consequence of his plea; and regardless of whether he is represented by counsel, the court shall examine the accused, not necessarily under oath, and as a condition of accepting the plea of guilty and imposing sentence shall ascertain that the plea was freely, understandingly, and voluntarily made, without undue influence, compulsion, or duress, and without promise of leniency. Unless the court deter-

mines that the plea of guilty was so made, it shall not be accepted."

I have read and re-read the Michigan and Federal Rules. I cannot perceive any substantial difference between them. If anything, the Michigan rule seems more precise and demanding.

Nor can I comprehend, much less agree with the argument that *Boykin* requires more ritual, more formalism in state court guilty pleas than Federal Rule 11 requires of the United States District Courts.

The Bench and Bar must be weary of our hyperscrupulous efforts to codify the imponderable.

On August 24, 1966, we promulgated proposed Amendments to GCR 785.3. A storm of protest led to reconsideration and the eventual entry of our June 8, 1967 order.

" 'The various amendments of GCR 1963, 785, adopted since January 1, 1963, are repealed effective instanter.

" 'The Court wishes to advise the profession and bench generally that the Rules Committee of the Michigan Judges Association, the Prosecuting Attorneys Association and the Special Committee on Revision of the Criminal Code of the State Bar of Michigan have been requested by the Court, and have accepted the assignment, to draft for recommended adoption such amendments of original Rule 785 as may in their judgment be required in view of constitutional interpretations and constitutional changes taking place since the General Court Rules of 1963 were considered and adopted.

" 'Pending submission and approval by the Court of such forthcoming amendments, the bench and bar will proceed in accordance with original Rule 785, in accordance with article 1 of the Constitution of 1963 and in accordance with such decisions of the United

States Supreme Court and of the Supreme Court of Michigan as may be deemed applicable to the particular criminal matter at hand.'

"It is ordered that all amendments of GCR 1963, 785, adopted since January 1, 1963, be and the same are repealed effective this date and that the Court Administrator be directed to furnish copies of this order to all trial judges, all judges of the Court of Appeals, the President of the Michigan Judges Association, the President of the Prosecuting Attorneys Association and the Secretary of the State Bar."

That loudly heralded committee came to naught.

I see no point in announcing or commissioning a new committee; I see no point in amending the rule.

Post conviction proceedings will always be with us. Appeals from guilty pleas will continue. We ought to be content to decide the cases as they come to us, without shaking our fists at the sky, and bewailing the absence of mandated magical minutia which would relieve us of the burden of doing what the taxpayers are paying us to do.

Turning to this case of *Butler*. The record of the plea is set forth in full in my Brother's opinion.

The sum and substance of appellant's objection to the plea is as follows:

"In the instant case the United States Supreme Court via the *Boykin* (supra) decision has superceded G.C.R. 1963, 785.3(2). In Michigan, as well as every state in the Union, a Defendant must be advised *on the record* that:

"(1) He has the privilege against compulsory self-incrimination.

"(2) He is entitled to a jury trial.

"(3) He has the right to confront his accusers.

"Anything less than advising of *all* three of the above will fall short of the United States Constitutional standard and will not be acceptable in any

State proceedings regardless if the State standard is less."

The answer to that contention is simply NO. The United States Supreme Court has NOT, via *Boykin v Alabama,* superceded Rule 11 of the Federal Rules of Criminal Procedure.

The United States Supreme Court has not yet adopted,—and hopefully never will adopt—the dangerous and novel requirement that a trial judge must play the role of defense counsel and give the defendant legal advice from the bench.

I would affirm this conviction.

BLACK, J. (*dissenting*). I adopt the opinion of Division 2 (23 Mich App 643) and therefore vote to affirm.