PEOPLE v McMILLAN

OPINION OF THE COURT

1. CRIMINAL LAW—PLEA OF GUILTY—CONSTITUTIONAL LAW—RETROAC-
   TIVE APPLICATION.

   *People v Butler,* 387 Mich 1 (1972) is limited to like cases where,
   while the plea of guilty was offered and accepted before *Boykin
   v Alabama,* 395 US 238 (1969) was decided on June 2, 1969
   which related to waiver of a defendant's constitutional rights in
   taking of his plea of guilty, the defendant was sentenced after
   it was decided; with that limited exception, that United States
   Supreme Court decision and *People v Jaworski,* 387 Mich 21
   (1972), requirements do not apply to pleas of guilty taken
   before June 2, 1969.

2. CRIMINAL LAW—PLEA OF GUILTY—PRECEDENT.

   Orders of Michigan Supreme Court applying *People v Butler,* 387
   Mich 1 (1972), to pleas of guilty and sentences before June 2,
   1969, will not be regarded as precedent for like action in future
   cases.

CONCURRING OPINION

T. E. BRENNAN, J.

3. CRIMINAL LAW.

   People v Jaworski, *387 Mich 21 (1972), and* People v Butler, *387
   Mich 1 (1972), should be reversed.*

Appeal from Court of Appeals, Division 3, Lesin-
ski, C. J., and J. H. Gillis and O'Hara, JJ., denying
application for leave to appeal from Kent, Leonard
D. Verdier, J. (Docket No. 54,531.) Decided Febru-
ary 27, 1973.

Orland Duncan McMillan was convicted, on his

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 21 Am Jur 2d, Criminal Law § 484 *et seq.*

plea of guilty, of second-degree murder. Defendant's application for leave to appeal to the Court of Appeals denied. Defendant appeals. Conviction affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, *Donald A. Johnston, III,* Chief Appellate Attorney, for the people.

Orland Duncan McMillan, *in propria persona.*

PER CURIAM. The defendant, Orland Duncan McMillan, was convicted in November, 1958 on his plea of guilty to the crime of second-degree murder. MCLA 750.317; MSA 28.549.

He now files a delayed application for leave to appeal on the ground that before his plea was accepted the judge did not advise him of his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront the witnesses against him, as provided for in *People v Jaworski,* 387 Mich 21, 28 (1972). *Jaworski* was based on a statement in Mr. Justice Douglas's opinion for the United States Supreme Court in *Boykin v Alabama,* 395 US 238, 242–243; 89 S Ct 1709; 23 L Ed 2d 274 (1969). We grant the application for delayed appeal and affirm the defendant's conviction.

On a number of occasions we have stated that the so-called *Boykin-Jaworski* requirements will not be applied to pre-*Boykin* pleas of guilty. See *People v Butler,* 387 Mich 1 (1972); *People v Carlisle,* 387 Mich 269, 276 (1972); *People v Duffield,* 387 Mich 300, 329 (1972).

In *Butler,* however, we did reverse the defendant Butler's guilty plea based conviction. In that case, while *Butler* pled guilty (on May 7, 1969) before

*Boykin* was decided (on June 2, 1969), he was sentenced (on June 12, 1969) after decision in *Boykin*.

The Court of Appeals has consistently interpreted our decisions in *Butler, Jaworski, Carlisle* and *Duffield* to mean that the *Boykin-Jaworski* requirements apply only to guilty pleas taken after the *Boykin* decision date of June 2, 1969. See *Winegar v Department of Corrections,* 41 Mich App 318 (1972); *People v Wickham,* 41 Mich App 358, 360–361 (1972); *People v Norman,* 44 Mich App 366 (1973).

*Butler* is limited to cases like *Butler* where, while the plea was offered and accepted before *Boykin* was decided, the defendant was sentenced after it was decided.[1] With that limited exception, the *Boykin-Jaworski* requirements do not apply to pleas of guilty taken before June 2, 1969.

Affirmed.

T. M. KAVANAGH, C. J., and T. G. KAVANAGH, SWAINSON, WILLIAMS, LEVIN and M. S. COLEMAN, JJ., concurred.

T. E. BRENNAN, J. concurs, being of the view that *People v Jaworski, supra,* and *People v Butler, supra,* should be reversed.

[1] Orders of our Court applying *Butler* to pre-*Boykin* pleas and sentences *(e.g., People v Teague,* 387 Mich 801 [1972]) will not be regarded as precedent for like action in future cases.