PEOPLE v LEDROW

OPINION OF THE COURT

1. CRIMINAL LAW—PLEA OF GUILTY—PLEA BARGAINING—RIGHT TO
   APPEAL—WAIVER—CONSTITUTIONAL RIGHTS.

   A conviction based on a plea of guilty is vacated whenever the
   plea of guilty is accepted on a stipulation that the defendant
   must waive his right to appeal in order to receive all or part of
   the consideration offered in exchange for his plea.

2. CRIMINAL LAW—PLEA OF GUILTY—PLEA BARGAINING—RIGHT TO
   APPEAL—WAIVER.

   A prosecutor's agreement to dismiss a charge pending against a
   defendant as part of a plea bargain which contained no express
   reference to dismissal at the end of the 60-day appeal period on
   the plea-based conviction, where the prevailing practice was to
   dismiss other pending charges only after the appeal period had
   run, is subject to the rule condemning the requirement of
   waiver of a defendant's right to appeal as a condition of the
   plea bargain and does not turn on fine distinctions between
   express and implied stipulations; the condemned result of
   dissuading the defendant from appealing is the same.

3. CRIMINAL LAW—PLEA BARGAINING—PENDING CHARGES—RIGHT TO
   APPEAL—WAIVER—PREJUDICE.

   Any plea agreement containing a prohibited stipulation against a
   defendant's appealing his plea-based conviction is condemned
   *ab. initio* and the plea must be vacated; actual prejudice need
   not be shown and the fact that the defendant received what he
   bargained for is irrelevant.

4. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—PLEA
   BARGAINING—RIGHT TO APPEAL—WAIVER—DISCRETION.

   Denial of a defendant's motion to withdraw his plea of guilty
   where he was induced to waive his right of appeal on the plea-

REFERENCES FOR POINTS IN HEADNOTES
[1–3, 5] 21 Am Jur 2d, Criminal Law §§ 495, 496.
[4] 21 Am Jur 2d, Criminal Law §§ 491, 503–506.

based conviction as part of the plea bargain was an abuse of discretion.

DISSENT BY HOLBROOK, J.

5. CRIMINAL LAW—PLEA OF GUILTY—PLEA BARGAINING—RIGHT TO APPEAL—WAIVER—PREJUDICE.

   *A plea-bargaining agreement which contained no stipulation proscribing the defendant's right to appeal his plea-based conviction and was a bargain with the prosecuting attorney for dismissal of other charges and nothing more was not improper where no bargain was made that the defendant be denied the right to appeal; the defendant was informed promptly after sentencing that he had a right to appeal, he immediately availed himself of that right, and was not prejudiced in any way.*

Appeal from Midland, James R. Rood, J. Submitted Division 3 December 7, 1973, at Grand Rapids. (Docket No. 16986.) Decided May 30, 1974.

Roger L. Ledrow was convicted, on his plea of guilty, of breaking and entering with intent to commit larceny. Defendant appeals. Reversed and remanded for further proceedings.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward G. Durance,* Prosecuting Attorney, and *Robert J. Rhead,* Assistant Prosecuting Attorney, for the people.

*Whittaker & Rowland,* for defendant on appeal.

Before: T. M. BURNS, P. J., and HOLBROOK and McGREGOR, JJ.

McGREGOR, J. Defendant pled guilty to a charge of breaking and entering, MCLA 750.110; MSA 28.305, on October 11, 1972, and was sentenced on January 12, 1973, to a prison term of 2-1/2 to 10

years, with credit granted for 105 days spent in the county jail.

The record indicates that on September 5, 1972, defendant's brother-in-law, by means of a window, entered a vacant house which contained stored goods. He then opened a door to permit defendant to enter and the men took one or two rifles and a couple of shotguns. Defendant was arrested on October 1, 1972.

As a result of plea bargaining, defendant pled guilty to the charge of breaking and entering in exchange for the prosecutor's promise to dismiss certain other pending charges. Three days after being sentenced, defendant petitioned for appointment of appellate counsel and, on February 5, 1973, filed a motion in the trial court to withdraw his plea of guilty.

The hearing on the motion was held on April 3 and 5, 1973, and on April 9, 1973, the trial court denied the motion. Finally, on April 25, 1973, defendant filed a claim of appeal from the judgment of conviction and the order denying the motion to withdraw his plea. Other pertinent facts are found in our discussion of the issues.

Defendant first contends that his plea-based conviction is infirm because the prosecutor agreed, as part of the plea bargaining, to dismiss the pending charges only after the 60-day appeal period had expired on the plea-based conviction. This condition, imposed by the prosecutor on his promise to dismiss the pending charges, contends the defendant, contravenes the holding of this Court in *People v Butler,* 43 Mich App 270; 204 NW2d 325 (1972), specifically, that it is impermissible, under the Michigan Constitution of 1963, for a prosecutor to induce a defendant to waive his right of appeal as part of a plea agreement.

Preliminarily, we note that *Butler* was decided after defendant's plea of guilty was accepted, but before he was sentenced and before his motion to withdraw the plea was denied. Indeed, a substantial portion of the trial court's written opinion denying that motion was devoted to a discussion of *Butler's* effect on the validity of Mr. Ledrow's guilty plea. In these circumstances, we are of the opinion that the plea must be examined in light of the rule enunciated by this Court in *Butler.* However, we refrain from ruling on the retroactive applicability of that rule in cases where sentence was imposed prior to the date of decision in *Butler.* Cf. *People v McMillan,* 389 Mich 114; 204 NW2d 682 (1973), holding that the requirements of *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972), are applicable to cases in which a plea of guilty was accepted prior to the date of decision in *Boykin v Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969), but in which sentencing occurred after that date.

In *Butler,* this Court held:

"The remedy which we here adopt, then, to cure this chilling effect [on the defendant's constitutional right to appeal] is to vacate the plea conviction whenever it is based on a stipulation that the defendant must waive his right to appeal in order to receive all or part of the consideration offered in exchange for his plea. Only in this manner can we protect defendant's right to appeal."

The primary dispute in this case is a factual one, mainly whether the plea bargain contained the prohibited stipulation that defendant Ledrow not appeal the conviction. The plea transcript in the instant case contains the following exchange between the trial court and the defendant:

"*The Court:* All right. Has there been any plea bargaining here at all in this matter? Are there other charges against this man?

"*Mr. Fraser [prosecutor]:* If it please the court, there are other charges pending below in the district court. It would be the intention of the people not to proceed with those matters upon the acceptance of a guilty plea on this charge.

"*The Court:* All right. You understand that, do you, Mr. Ledrow?

"*The Defendant:* Yes, sir.

"*The Court:* There are certain other charges that might be pressed against you and the prosecutor says he won't press those, in view of your plea of guilty to this particular charge. He will dismiss them, in other words.

"*The Defendant:* Yes."

During the course of the April 3 hearing held pursuant to defendant's motion to withdraw his plea, the trial court made the following statements:

"*The Court:* Number one, the claim is made that promises were made and there is no question what this was a plea bargain that was entered into and it's stated on the—in the transcript of the arraignment. But the court is of the opinion that the prosecution is not obliged to nol-pros a pending case where under the circumstances of this case after that—the man was sentenced on January 12th, three days later he took an appeal. And until such time as that appeal is determined, it seems to me, that the prosecution is not obliged to dismiss.

"In other words, this man made a bargain, he says. He didn't keep his bargain. He made a bargain that he wanted to plead guilty here and the rest of the bargain was that the case would be dismissed.

"Well, he promptly, after he found out what his sentence was, he decided he didn't want that bargain; he wanted to take an appeal, which he did. This is not a situation where any attempt has been made to enforce this other case.

\*   \*   \*

"I don't think there is any question what the prosecution agreed to dismiss and the prosecution should dismiss that at the proper time. Now, in other courts, they follow the procedure that they do not dismiss other pending cases on plea bargains until the 60-day appeal period goes by. I know this is the practice.

*"Mr. Rowland:* Was that the reason for this in this case?

*"Mr. Rhead [prosecutor]:* It's one of the reasons, your Honor. That a premature dismissal of this matter—we generally hold it until the appeal period is up or if an appeal is taken the matter remains dormant until the appeal is settled.

*"Mr. Rowland [defense attorney]:* Your Honor, I'd cite the case of *People v Butler,* 43 Michigan 270 *[sic],* and ask the court to reconsider its opinion on that point.

*"The Court:* Okay."

The trial court, with commendable thoroughness and concern for the rights of the defendant, took the matter under advisement and then issued its opinion, on April 5, 1973, from the bench. During the course of that opinion, the trial court stated:

"Now on the other point the court in its previous findings got off on a side issue here and indicated—and the court's not attempting to extricate itself from that statement the court made. The court said that the court can see in effect nothing wrong with holding up a dismissal until the appeal period expires. Then this case was called to the attention of the court.

"Now, the court was simply wrong about that, in view of this recent holding, the *People* against *Butler,* as to the proper procedure in that connection. But the court has examined the case of *People* against *Butler* in minute detail and finds that in this particular case and in the cases that are cited as authority for this ruling of the Court of Appeals in 43 Mich App page 270, the defendant was actually—the plea bargaining actually

consisted of an agreement that a certain case would be dismissed if an appeal was not taken.

"And in the cases cited supporting that position it appears that the court also took part in that plea bargaining and accepted the plea of guilty on condition that an appeal would not be taken, which is a vastly different situation than the one we have here in this case.

"In this case what occurred is perfectly clear from the transcript of the testimony. The court asked what— if there was a plea bargain and it was stated that there was a plea bargain and that that bargain would be that the—that another case of breaking and entering which was pending against this defendant would be dismissed. It's pending down in district court; never having reached this court. But there was certainly no reference to any requirement on the part of the defendant that he not take an appeal.

"As a matter of fact, in January when this man was sentenced he was promptly informed at that time that he had a right to take an appeal and he availed himself of it immediately. Papers were handed to him. He filed the papers and a lawyer was appointed for him immediately. So he hasn't been denied any right to appeal, nor was any such bargain made that he would be denied the right to appeal, and he hasn't as yet been, certainly, denied any right.

"The most that can be said is that a case pending in district court was agreed to be dismissed or was stated that it would be dismissed and that it had not been dismissed. I understand that it has now been dismissed, is that correct?

"*Mr. Rhead:* That's correct. As, I believe, of last night or this morning papers were transmitted to district court and I believe that Judge Hart has signed that dismissal.

"*The Court:* The court can't see where this man's been prejudiced in any way. No effort was made to revive that case when he appealed on the 15th of January. I believe that's the date. I think it was the 15th when his counsel was appointed and he took his appeal. There was no effort made to revive that case or

to take any action. And that is, of course, a factual situation that existed in some of these other cases that are cited in support of this proposition that it's not proper to bargain on the basis of not appealing.

"And in these other cases as soon as the appeal was taken efforts were made to revive the previous case, and the man was actually prosecuted. Now, I don't find that here and I don't believe that this case, *People* against *Butler,* is authority for this proposition. I could, of course, be entirely mistaken. The matter is on appeal. Counsel's been appointed and it would be an easy thing to let the Court of Appeals rule on it."

The foregoing excerpts from the lower court record clearly indicate that the prosecutor did, as part of the plea bargain, agree to dismiss the charge pending against this defendant in district court. Factually, the crucial question is whether that promise to dismiss was conditioned upon the defendant's failure to appeal the plea-based conviction. Unlike *Butler,* there is no express reference in this case to dismissal at the end of the 60-day appeal period in the arraignment transcript. However, it does appear to be true, as defendant alleges, that the prevailing practice of the prosecutor's office was to dismiss pending charges only after the appeal period had run on the plea-based conviction. The comments of both the trial court and the prosecutor during the course of the plea-withdrawal hearing of April 3 support this conclusion. The applicability of the *Butler* rule, condemning plea bargains involving the waiver of a defendant's right to appeal, does not turn on fine distinctions between express and implicit stipulations. Whether the prosecutor expressly requires that a defendant not appeal as a condition to the dismissal of pending charges or merely delays dismissing those charges until the appeal period has elapsed is of no moment. Irrespective of which

procedural device the prosecutor employs, the condemned result is the same; the defendant is dissuaded from appealing his plea-based conviction by the prospect of being brought to trial on the pending charges.

In his brief on appeal, the prosecutor argues that the defendant has shown no prejudice attributable to the delay in dismissing the pending charge. It is pointed out that the defendant did, in fact, appeal his conviction and is no longer subject to prosecution on the formerly pending charge. But actual prejudice need not be shown and the fact that the defendant received what he bargained for is irrelevant. In *Butler* itself, the defendant had appealed the plea-based conviction and prosecution on the pending charges was no longer possible. Relief was granted, not because of prejudice to defendant Butler himself, but rather because the practice of conditioning dismissal of pending charges on the running of the appeal period was likely to preclude appellate review of plea-based convictions of "those defendants who are deterred from bringing irregularities in their convictions to the attention of this state's appellate courts by the price set on their right to appeal". *People v Butler, supra,* 281. *Butler* condemns *ab initio* any plea agreement containing the prohibited stipulation and dictates that the resulting plea be vacated.

We therefore hold that the trial court abused its discretion in denying defendant's motion to withdraw his plea of guilty.

Reversed and remanded for further proceedings consistent with this opinion.

T. M. BURNS, P. J., concurred.

HOLBROOK, J. *(dissenting).* Defendant Roger Le-

drow pled guilty on October 11, 1972, to the crime
of breaking and entering with the intent to com-
mit larceny therein, contrary to MCLA 750.110;
MSA 28.305. The trial judge accepted the plea of
guilty on that date and the pertinent portion of
that arraignment as pertains to the issue to be
decided on this appeal is as follows:

"*The Court:* All right. Has there been any plea bar-
gaining here at all in this matter? Are there other
charges against this man?

"*Mr. Fraser [attorney for the people]:* If it please the
court, there are other charges pending below in the
district court. It would be the intention of the people
not to proceed with those matters upon the acceptance
of a guilty plea on this charge.

"*The Court:* All right. You understand that, do you,
Mr. Ledrow?

"*The Defendant:* Yes, sir.

"*The Court:* That there are certain other charges that
might be pressed against you and the prosecutor says
he won't press those in view of your plea of guilty to
this particular charge. He will dismiss them, in other
words."

On November 6, 1972, the trial court allowed
defendant to voluntarily commit himself to the
Veteran's Hospital in Battle Creek for medical and
psychological examinations. This was accomplished
and defendant went to the Veteran's Hospital and
was there until December 13, 1972, when the
hospital requested the court to have him returned
to Midland. On January 12 and 15, 1973, the
defendant was sentenced to 2-1/2 to 10 years in a
state prison with credit of 105 days spent in the
county jail and the Veteran's Hospital, as afore-
said. At this sentencing the defendant requested
that the court place him on probation for a year or
longer so he could prove himself. It was pointed
out at the sentencing that the defendant had had

difficulties while at the Veteran's Hospital at Battle Creek, and he claimed all these difficulties were caused by the hospital authorities. At the sentencing the trial judge stated to the defendant as follows:

"On the 12th of January. And I just signed the commitment papers on you and I want to advise you, Mr. Ledrow, that you have a right to appeal from the sentence that I have passed upon you. If you are unable financially to employ an attorney and if you want to appeal, you can. The court will appoint an attorney for you and the county will pay the expense of it. We will also—The county will also furnish such portions of the trial transcript, there actually wasn't a trial, but what we mean by that is your plea of guilty and the sentence of the court in order that an attorney may prepare post-conviction motions and so forth and perfect an appeal. Any such request for an appeal or for assistance of counsel must be made within 60 days. Now, I will furnish you with some forms that you can use for this purpose. Let the record show that I am furnishing Mr. Ledrow with an affidavit as to his financial condition and a petition for appellate counsel. Okay. You can be seated."[1]

The defendant availed himself of his right to appeal almost immediately, along with a request for counsel and transcript and record. The trial judge on January 19, 1973, appointed present counsel as appellate counsel. On February 5, 1973, a claim of appeal was filed in this Court. In the meantime, the defendant had filed a motion for a new trial and the setting aside of the plea of guilty and the sentence. This motion was heard on April 3, 1973. On April 4, 1973, the prosecuting attorney's office made a motion in the district court to dismiss the other charge therein present and it

[1] This part of the sentencing proceedings took place on January 15, 1973.

was granted. On April 5, 1973, the trial judge denied the motion to set aside the plea of guilty. The defendant mainly claimed his plea of guilty was not made freely, understandingly and voluntarily, and an extensive hearing was held with several witnesses testifying. The trial judge's findings on this motion to set aside the plea of guilty were in pertinent part as follows:

"This motion was based upon the contention that the confession obtained was not voluntary. The claim was made that the defendant requested an attorney and he was denied the right to have an attorney at the time the confession was taken. Although it's not set forth in the motion itself, the affidavit which is filed in support of the motion alleges that—generally alleged that unrequited promises were made by law enforcement officers of Midland County, that he did not make the plea freely, understandingly and voluntarily, without undue influence, compulsion or duress. Now, the court partially ruled on this matter on the 3rd of April. I will reiterate it because the court later took the matter under advisement.

"The court finds that on the basis of the testimony submitted here that the defendant did not in fact request an attorney; that he was not denied the right to have an attorney. As I stated on the 3rd of April, the court was not impressed with that testimony and the court does not believe that the request for an attorney was made in view of the circumstances. So the court finds that the confession which was taken here was a voluntary confession taken in accordance with the requirements of law.

\* \* \*

"But the court has examined the case of *People v Butler* in minute detail and finds that in this particular case and in the cases that are cited as authority for this ruling of the Court of Appeals in 43 Mich App 270 [204 NW2d 325 (1972)], the defendant was actually—the plea bargaining actually consisted of an agreement that a

certain case would be dismissed if an appeal was not taken.

"And in the cases cited supporting that position it appears that the court also took part in that plea bargaining and accepted the plea of guilty on condition that an appeal would not be taken, which is a vastly different situation than the one we have here in this case.

"In this case what occurred is perfectly clear from the transcript of the testimony. The court asked what—if there was a plea bargain and it was stated that there was a plea bargain and that that bargain would be that the—that another case of breaking and entering which was pending against this defendant would be dismissed. It's pending down in district court; never having reached this court. But there was certainly no reference to any requirement on the part of the defendant that he not take an appeal.

"As a matter of fact, in January when this man was sentenced he was promptly informed at that time that he had a right to take an appeal and he availed himself of it immediately. Papers were handed to him. He filed the papers and a lawyer was appointed for him immediately. So he hasn't been denied any right to appeal, nor was any such bargain made that he would be denied the right to appeal, and he hasn't as yet been, certainly, denied any right.

* * *

"The court can't see where this man's been prejudiced in any way. No effort was made to revive that case when he appealed on the 15th of January. I believe that's the date. I think it was the 15th when his counsel was appointed and he took his appeal. There was no effort made to revive that case or to take any action. And that is, of course, a factual situation that existed in some of these other cases that are cited in support of this proposition that it's not proper to bargain on the basis of not appealing."

This writer is in agreement with the trial judge's interpretation of *People v Butler,* 43 Mich App 270; 204 NW2d 325 (1972). *Butler* is not applicable

to this case because it has been distinguished, the facts being entirely different. There was never a stipulation in the instant case proscribing the defendant's right to appeal. Also, no efforts were made on the part of the authorities to bring any other charge against the defendant in any court. The defendant bargained with the prosecuting attorney for dismissal of the other charge in the district court, nothing more and nothing less. The said dismissal was effected, although belatedly, and the defendant has not been prejudiced thereby.

The trial court should be affirmed and this writer so votes.