MIKOWSKI v GRAND TRAVERSE COUNTY SHERIFF

(MIKOWSKI v WEILER)

1. CRIMINAL LAW—PLEA OF GUILTY—HIGHER OFFENSE—SAME TRANS-
   ACTION.

   The state may not, upon the acceptance of a plea of guilty,
   thereafter charge a higher offense arising out of the same
   transaction.

2. CRIMINAL LAW—PENALTIES—HIGHER OFFENSE—LESSER OFFENSE.

   The terms "higher offense" and "lesser offense" do not refer only
   to the possible penalty which could be imposed; thus, an
   argument that since robbery armed and second-degree murder
   have the same penalty, second-degree murder is not a higher
   crime, will not prevail.

3. CRIMINAL LAW—PLEA OF GUILTY—HIGHER OFFENSE.

   Once the prosecution has determined that the ends of justice
   would be served by a plea of guilty to any charge arising out of
   a single transaction, the accused shall not thereafter be called
   upon to answer to any other charge that arises out of the same
   transaction which will either subject him to a higher penalty or
   cause him to meet any additional elements of proof.

Original action in the Court of Appeals. Submit-
ted Division 3 January 9, 1974, at Grand Rapids.
(Docket No. 16878.) Decided March 6, 1974. Leave
to appeal denied, 391 Mich 835.

Complaint in the Court of Appeals for habeas
corpus by Arthur R. Mikowski against Richard P.
Weiler, Grand Traverse County Sheriff, treated as
a complaint for superintending control. Relief

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 21 Am Jur 2d, Criminal Law §§ 185–187, 189, 212, 494–496.
   Conviction of lesser offense as bar to prosecution for greater on new
   trial. 61 ALR2d 1141.

granted, and case remanded to Grand Traverse Circuit Court for further proceedings.

*Williams, Coulter, Forster, Cunningham & Davison* (by *Douglas J. Read),* for plaintiff.

*Michael J. Houlihan,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Donald Ubell,* Director, by *Howard C. Marderosian,* Special Assistant Attorney General, of counsel), for defendant.

Before: R. B. Burns, P. J., and Bronson and Van Valkenburg,* JJ.

Van Valkenburg, J. On February 5, 1971, plaintiff Arthur R. Mikowski was arraigned on a charge of first-degree murder,[1] at which time he stood mute. On November 4, 1971, plaintiff was rearraigned on an amended information which included, in addition to the murder count, a count for robbery armed.[2] At that time plaintiff pled guilty to the robbery armed count. Subsequent to sentencing, plaintiff was imprisoned and he brought an appeal from the guilty plea. On November 15, 1972, this Court, in an unreported opinion, vacated the guilty plea and remanded the case to the circuit court. On February 28, 1973, plaintiff was rearraigned on the original murder count, which had never been dismissed.

Plaintiff thereafter filed a petition for habeas corpus with the circuit court alleging that he was being improperly held on the murder charge. Plaintiff argued that since no attempt had been

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA 750.316; MSA 28.548.

[2] MCLA 750.529; MSA 28.797.

made to bring him to trial within 180 days after being imprisoned on the armed robbery count, by statute[3] the prosecutor could no longer try him on the murder count. The prosecutor argued that the 180-day statute was not applicable because, since the murder and robbery arose out of the same transaction, he could not bring plaintiff to trial on the murder count during the period of incarceration on the robbery count by reason of the fact that such would constitute double jeopardy. The prosecutor also argued that he was barred from trying plaintiff on the murder charge during that period by virtue of the bargain entered into at the time of the plea, and, in any event, the prosecutor's contesting of the appeal from the guilty plea constituted a sufficient attempt to take further action on the murder charge to satisfy the statute. On March 23, 1973, the trial court dismissed the writ and ordered the cause to proceed to trial on the charge of murder in the first degree.

Plaintiff then filed a complaint for habeas corpus in this Court, which was treated as a complaint for superintending control. Plaintiff sought an order directing the trial court to proceed against him only on the count charging armed robbery. An order to show cause why such an order should not issue was issued by this Court.

It should be noted that during the pendency of the complaint in this Court the Supreme Court released its decision in *People v McMiller,* 389 Mich 425, 431–432, 433–434; 208 NW2d 451, 453–454 (1973), wherein the Court stated:

"Among the considerations in formulating a policy regarding prosecutions following the successful appeal of a plea-based conviction, there are two we find overriding which impel us to our decision:

---

[3] MCLA 780.131; MSA 28.969(1).

"Allowing trial on a higher charge following reversal of a plea-based conviction of a lesser offense would (1) discourage exercise of the defendant's right to appeal a conviction claimed to be based on an improperly accepted plea, and (2) tend to insulate from appellate scrutiny non-compliance with the guilty plea procedure established by the statute and the court rule.

\* \* \*

"By agreeing to a plea to a lesser offense the prosecutor thereby vouches that the ends of justice will be served by accepting a plea of guilty to that offense. We perceive, therefore, even in the relatively few cases where defendants will succeed on appeal in setting aside a guilty-plea-based conviction, no erosion of law enforcement in the rule we adopt.

"A prosecutor can protect himself against being forced to try a defendant on a lesser offense by calling the attention of the judge, before he accepts a plea of guilty, to any failure to comply with the prescribed procedure for taking such a plea.

"For these reasons we hold that upon the acceptance of a plea of guilty, as a matter of policy, the state may not thereafter charge a higher offense arising out of the same transaction.

"If the prescribed guilty plea procedure is observed in taking the plea, the conviction will stand. *If the procedure is not observed, the conviction will be set aside and the defendant ordered tried on the charge to which the plea was offered.*" (Emphasis supplied.)

Since by his argument with respect to the application of the 180-day statute the prosecutor concedes that the murder charge and the armed robbery charge arose out of the same transaction, there can be no question that *McMiller* applies with respect to any attempt at trial on the charge of first-degree murder. The prosecutor argues, however, that plaintiff could be tried on murder in the second degree, since robbery armed and second-degree murder have the same penalty, *ergo* sec-

ond-degree murder is not a higher crime than robbery armed. We reject this argument.

While the Court in *McMiller* did, indeed, use the terms "higher offense" and "lesser offense", we think the Court in using those terms was not speaking only of the possible penalty which could be imposed. The public policy enunciated in *Mc-Miller* was that once the prosecutor has determined that the ends of justice would be served by a plea to any charge arising out of a single transaction, the accused shall not thereafter be called upon to answer to any other charge that arises out of that transaction which will either subject him to a higher penalty or cause him to meet any additional elements of proof. In fact the Court explicitly indicated that the accused shall be "tried on the charge to which the plea was offered".

Since prosecution on any degree of the murder charge is barred by the rule enunciated in *Mc-Miller,* it is unnecessary to consider whether the prosecution is likewise barred by the 180-day statute. The matter is remanded to the circuit court for proceedings not inconsistent with this opinion.[4]

All concurred.

---

[4] While we grant the relief sought, since we do it on the basis of the mandate of a Michigan Supreme Court decision issued subsequent to the decision of the circuit court herein, we feel constrained to amplify the fact that the circuit court's decision was based upon the state of the law at that time. Clearly the circuit court cannot be faulted for failing to anticipate the subsequent action by the Supreme Court.