PEOPLE v MILLARD

*ORDER*

Entered May 8, 1975.—REPORTER.

On order of the Court, the delayed application by defendant-appellant for leave to appeal is considered, and the same is granted. The Court, *sua sponte,* under GCR 1963, 865.1(7), peremptorily reverses defendant's conviction and remands for further proceedings in the trial court consistent with *People v McMiller,* 389 Mich 425; 208 NW2d 451 (1973). The defendant was charged with first-degree murder and pled guilty to second-degree murder. The Court of Appeals reversed on the basis of *Boykin v Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969); *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972). On remand, the defendant was re-arraigned on a charge of first-degree murder. His trial attorney timely raised the issue later settled by *McMiller* but, when that issue was not resolved in his favor, defendant again pled guilty to second-degree murder. Before defendant was again sentenced, he sought to withdraw his plea. The trial judge erred in not allowing the defendant to withdraw his plea before sentencing. While *McMiller* does not apply to a case in which the defendant withdraws his plea before sentencing, *McMiller* shall be applied to the proceedings on the remand pursuant to this order because the earlier reversal was for failure to comply with the requirements of *Boykin-Jaworski* and *McMiller* does apply in such a case and

the *McMiller* issue was preserved before the defendant pled guilty on the earlier remand.

*Frank J. Kelley,* Attorney General *Robert A. Derengoski,* Solicitor General, *James Noecker,* Prosecuting Attorney, *Edward R. Wilson,* Director, Prosecuting Attorneys Appellate Service, and *Lee Wm. Atkinson,* Special Assistant Attorney General, for the people. *State Appellate Defender Office* (by *Kenneth Lerner),* for defendant. (Docket No. 55882.) Case below, Court of Appeals No. 17090, per curiam opinion of February 27, 1975.

M. S. COLEMAN, J., dissenting.

SWAINSON and J. W. FITZGERALD, JJ., not participating.

Motion for clarification denied, *post* p 947.