PEOPLE v SOTO

1. CRIMINAL LAW—ENTRY OF JUDGMENT—APPOINTMENT OF COUNSEL
   —DENIAL OF MOTION—RIGHT TO APPEAL—EXPIRATION.

   The right to appeal a criminal conviction expires 60 days after
   entry of judgment, appointment of appellate counsel, or denial
   of a motion for a new trial, whichever event occurs last (GCR
   1963, 803.1).

2. CRIMINAL LAW—PLEA OF GUILTY—PROSECUTORS—PLEA BARGAINING
   —RIGHT TO APPEAL—WAIVER.

   A prosecutor may not precondition acceptance of a guilty plea on
   a defendant's waiver of his right to appeal that guilty plea
   proceeding nor may he accept a guilty plea on one count, and
   agree to dismiss a second count if defendant will forego his
   appeal on the guilty plea; a defendant cannot be required to
   bargain away his right to appeal.

3. CRIMINAL LAW—PLEA OF GUILTY—PLEA BARGAINING—RIGHT TO
   APPEAL—WAIVER.

   A defendant may not be dissuaded from appealing his plea-based
   conviction either by express requirement by the prosecutor in
   the plea bargaining process or by the adoption of a prosecuto-
   rial policy of delaying dismissals until after the 60-day appeal
   period has run since the condemned result of dissuading the
   defendant is the same.

4. CRIMINAL LAW—PLEA OF GUILTY—RIGHT TO APPEAL—OTHER
   CHARGES—TARDY DISMISSAL—CHILLING EFFECT—PROSECUTORIAL
   POLICY—THREATS OF REVIVAL—RECORDED AGREEMENT.

   A guilty-pleading defendant's right to appeal was not effectively

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 473.

Exclusion or inclusion of terminal Sunday or holiday in computing
time for taking or perfecting appellate review. 61 ALR2d 482.

[2, 3, 5] 21 Am Jur 2d, Criminal Law §§ 485, 493, 494.

Enforceability of plea agreement or plea entered pursuant thereto,
with prosecuting attorney involving immunity from prosecution
for crimes. 43 ALR3d 281.

[4, 5] 5 Am Jur 2d, Appeal and Error §§ 912, 913.

chilled by the tardy dismissal of a second criminal count after the 60-day appeal period had expired where there was no showing of a prosecutorial policy of delaying dismissals until the appeal period had run, defendant was not threatened with revival of the second count if he appealed, and the terms of the agreement on the record would have prohibited the prosecutor from ever resurrecting the dismissed charges.

5. CRIMINAL LAW—PLEA OF GUILTY—PLEA BARGAINING—DISMISSAL OF CHARGES—RECORD—IMMEDIATE DISMISSAL—CHILLING EFFECT.
   A guilty-plea agreement involving dismissal of other pending charges against the defendant must be stated on the record, and immediately after the plea is accepted the prosecutor must move for formal dismissal of the other charges to remove any possible chilling effect on the defendant's right of appeal (GCR 1963, 785.7[2]).

Appeal from Clinton, Leo W. Corkin, J. Submitted Division 3 June 3, 1975, at Lansing. (Docket No. 20678.) Decided June 24, 1975.

Juan Soto was convicted, on his plea of guilty, of attempted breaking and entering. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Jon W. Newman,* Prosecuting. Attorney (Prosecuting Attorneys Appellate Service, *Edward R. Wilson,* Director, by *Lee W. Atkinson,* Special Assistant Attorney General), for the people.

*Richard D. Wells,* for defendant.

Before: BASHARA, P. J., and J. H. GILLIS and M. F. CAVANAGH, JJ.

PER CURIAM. Defendant was charged with attempted breaking and entering of an unoccupied building, MCLA 750.110; MSA 28.305, MCLA 750.92; MSA 28.287, and possession of burglary

tools, MCLA 750.116; MSA 28.311. On April 8, 1974, defendant agreed to plead guilty to attempted breaking and entering in exchange for a dismissal of the burglary tools count. The plea was accepted the same day. Defendant admits that GCR 1963, 785.7 was fully complied with. On April 22, 1974, defendant was sentenced to a jail term of two to five years. On June 11, 1974, appellate counsel was duly appointed for defendant. It was not until August 19, 1974, that the prosecutor filed a dismissal of the burglary tools charge.

On appeal, defendant's sole contention is that his conviction must be reversed because the prosecutor failed to dismiss the second count until after defendant's time for appealing as of right had expired.

In Michigan, defendant's right to appeal expires 60 days after entry of judgment, appointment of appellate counsel, or denial of a motion for a new trial, whichever event occurs last. GCR 1963, 803.1. In the instant case, defendant's 60 days had elapsed before the prosecutor filed his dismissal of the second count. Defendant contends that this prosecutorial action served to chill his right to appeal, as well as the rights of others similarly situated.

It is clear that the prosecution may not precondition acceptance of a guilty plea by requiring defendant to waive his right to appeal that guilty plea proceeding. *People v Butler,* 43 Mich App 270; 204 NW2d 325 (1972). It is equally clear that the prosecution may not accept a guilty plea on one count, and agree to dismiss a second count if defendant is required to forego appeal on the guilty plea. *Butler, supra.* Defendant cannot be required to bargain away his right to appeal.

In *People v Ledrow,* 53 Mich App 511; 220

NW2d 336 (1974), this Court dealt with a situation where defendant pled guilty to one count in exchange for dismissal of other pending charges. During the plea discussion in *Ledrow, supra,* the prosecutor stated that it was his office's policy not to dismiss the other counts until after the 60-day appeal period had run. In finding reversible error in this procedure, we held that:

"The applicability of the *Butler* rule, condemning plea bargains involving the waiver of a defendant's right to appeal, does not turn on fine distinctions between express and implicit stipulations. Whether the prosecutor expressly requires that a defendant not appeal as a condition to the dismissal of pending charges or merely delays dismissing those charges until the appeal period has elapsed is of no moment. Irrespective of which procedural device the prosecutor employs, the condemned result is the same; the defendant is dissuaded from appealing his plea-based conviction by the prospect of being brought to trial on the pending charges." *Ledrow, supra,* at 518–519; 220 NW2d at 340.

In the instant case we have a situation similar to *Ledrow, supra,* but lacking in one characteristic. In this case, there was no statement by the prosecutor that his office's policy was to delay dismissals until after the 60-day period had run. The delay here is simply unexplained. Defendant asks us to rule that any time the dismissal occurs only after the 60-day period expires, the plea will be reversed.

We decline to so rule in this case. Defendant entered a plea which he admits conformed to GCR 1963, 785.7. The prosecutor did dismiss the second count, albeit tardily. Defendant was not threatened with revival of the second count if he appealed. Defendant's right to appeal was not effectively chilled, as evidenced by his presence before

this Court. Defendant's only real claim of error concerns other defendants who are more easily dissuaded from appealing than he was. Consequently, we affirm defendant's conviction.

We are nonetheless concerned about the rights of other defendants who are in fact deterred from appealing. It is easy to envision a class of defendants who will not appeal their plea convictions until they know that the other pending charges have been formally dismissed. If the prosecutor waits to dismiss until after the 60-day period has expired, these people will suffer substantial harm.[1]

It may, of course, be argued that this chilling of appellate rights is illusory. Since the prosecution has agreed to dismiss the pending charges, they may not renege on their portion of the bargain simply because defendant has appealed his plea conviction. Furthermore, it can be argued that *People v White,* 390 Mich 245; 212 NW2d 222 (1973), would prohibit the prosecutor from ever resurrecting the dismissed charges, absent waiver by defendant. These arguments make it clear that, in most cases, the prosecutor could not attempt to reprosecute defendant on the dismissed charges. This fact, however, does not negate the chilling effect of the threat which defendant reasonably infers from the prosecution's failure to immediately dismiss. Since we are concerned about this chill which defendants perceive, the fact that the threat is ultimately an empty one does not solve our problem.

By court rule, whenever a tendered plea is the result of a plea agreement between defendant and

---

[1] As stated earlier in this opinion, defendants will lose their automatic right to appeal after 60 days and will thereafter have to petition this Court for leave to appeal. GCR 1963, 803.1. Furthermore, indigent defendants will lose their right to automatic appointment of appellate counsel after the 60 days has run. GCR 1963, 785.11.

the prosecutor, the parties are required to state the terms of the agreement on the record, and to acknowledge their consent to it. GCR 1963, 785.7(2). If the plea agreement involves dismissal of other pending charges against defendant, the prosecutor is required to so state on the record. Consequently we see no good reason for not requiring the prosecutor to move, immediately after the plea is accepted, for a formal dismissal of the other charges. Since the prosecutor must eventually so move, and since he is bound by the agreement, we fail to see how this requirement burdens him in any substantial manner. On the other hand, this procedure will clearly indicate to defendant that the prosecutor is bound by their agreement, and once and for all time remove any possible chilling effect on defendant's constitutional right to appeal.

Affirmed.