PEOPLE v SHIPP

1. CRIMINAL LAW—AUTOMOBILES—UNAUTHORIZED DRIVING AWAY—
   MOTORCYCLES—MOTOR VEHICLES—WORDS AND PHRASES—STAT-
   UTES.

   The question whether a motorcycle is a "motor vehicle", within
   the meaning of a statute prohibiting the unauthorized driving
   away of a motor vehicle, is a question of law for the trial court
   and not a factual issue for the jury (MCLA 750.412, 750.413;
   MSA 28.644, 28.645).

2. CRIMINAL LAW—AUTOMOBILES—MOTOR VEHICLES—UNAUTHORIZED
   DRIVING AWAY—ELEMENTS—STATUTES.

   The elements of the crime of unauthorized driving away of a
   motor vehicle are: (1) the possession of the vehicle must be
   taken, (2) there must be a driving away, (3) done wilfully, and
   (4) possession and the driving away must have been done
   without authority (MCLA 750.413; MSA 28.645).

3. CRIMINAL LAW—INSTRUCTIONS TO JURY—PROPER AND IMPROPER
   INSTRUCTIONS—PRESUMPTIONS.

   It is presumed that a jury followed the improper jury instruction
   where a trial court has given a proper instruction, but subse-
   quently gives an improper instruction.

4. CRIMINAL LAW—INSTRUCTIONS TO JURY—AUTOMOBILES—MOTOR VE-
   HICLES—UNLAWFULLY DRIVING AWAY—ELEMENTS OF CRIME—
   FAILURE TO OBJECT.

   Jury instructions which removed two elements of the charged
   crime from the jury's consideration, in a trial for unlawfully
   driving away a motor vehicle, were reversibly erroneous where

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobiles and Highway Traffic § 2.
[2] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 303–308.
[3] 75 Am Jur 2d, Trial § 928.
[4] 75 Am Jur 2d, Trial §§ 906, 907.
[5] 21 Am Jur 2d, Criminal Law §§ 152, 153.
   Enforceability of plea agreement, or plea entered pursuant thereto,
   with prosecuting attorney involving immunity from prosecution
   for other crimes. 43 ALR3d 281.

no additional instructions were given to repudiate the erroneous instructions, even though the trial court had properly instructed the jury on the elements of the crime before giving the erroneous instruction and even though defense counsel failed to object.

5. CRIMINAL LAW—PROSECUTING ATTORNEYS—AGREEMENT NOT TO PROSECUTE.

   A prosecutor's agreement not to prosecute a defendant if the defendant cooperated in procuring evidence for narcotic cases is binding on the prosecutor's office; therefore, a defendant is entitled to have an opportunity to establish such an agreement and the prosecutor's noncompliance therewith where the defendant has alleged an agreement was made and its existence has not been denied by the prosecutor.

Appeal from Oakland, Frederick C. Ziem, J. Submitted February 11, 1976, at Lansing. (Docket No. 23509.) Decided April 6, 1976. Leave to appeal denied, 397 Mich 826.

Richard Shipp was convicted of unlawfully driving away a motorcycle. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Michael J. Modelski,* Assistant Appellate Counsel, for the people.

*John Ross, Jr.,* for defendant.

Before: D. E. HOLBROOK, JR., P. J., and D. E. HOLBROOK and T. M. BURNS, JJ.

T. M. BURNS, J. On January 17, 1975, defendant was convicted after a jury trial of unlawfully driving away a motorcycle. MCLA 750.413; MSA 28.645. Defendant was sentenced to two to five years in prison and appeals as of right.

Defendant raises three issues, two of which con-

cern the trial court's instructions to the jury, the third concerning an alleged agreement between defendant and the prosecutor.

The jury instructions pertinent to the first two issues are as follows:

"Now, the statute under which this charge is brought, in so far as the same is material, provides in pertinent part as follows:

" 'Any person who shall wilfully and without authority take possession of and drive or take away, and any person who shall assist in or be party to such taking and possession, driving or taking away of any motor vehicle belonging to another, shall be guilty of a felony', and so forth.

*"Now, in regard to a motor vehicle, this being a motorcycle, it is covered by the statute. So you won't have to concern yourselves with that.*

*"This statute is directed against anyone who takes possession of a motor vehicle without the consent of the owner. And that will be the issue that you will have to decide."* (Emphasis added.)

Both defense counsel and the prosecutor indicated approval with the instructions as given.

I.

Defendant contends that the trial court erred reversibly in instructing the jury that a motorcycle was a motor vehicle as thereby an important element of the crime charged was taken from the jury. There was no reversible error. Whether a motorcycle was a motor vehicle within the meaning of the statute under which defendant was charged was a question of law for the trial court to decide, not a factual issue for the jury. MCLA 750.413; MSA 28.645 concerns the unlawful taking of a motor vehicle. MCLA 750.412; MSA 28.644

defines "motor vehicle" as "all vehicles impelled on the public highways of this state by mechanical power". The trial court's informing the jury that they need not decide whether a motorcycle was a motor vehicle within the meaning of the statute was proper.

## II.

Defendant also assigns error to the following instruction:

"This statute is directed against anyone who takes possession of a motor vehicle without the consent of the owner. And that will be the issue that you will have to decide."

Defendant argues that this instruction made it unnecessary for the jury to decide whether he *wilfully* drove or took possession of the vehicle.

The trial court properly instructed the jury on the elements of the crime by reading the statutory language. But the above-quoted statement of the court was indeed misleading and incorrect. The elements of the crime of unauthorized driving away of a motor vehicle are: (1) the possession of the vehicle must be taken, (2) there must be a driving away, (3) done wilfully, and (4) possession and the driving away must have been done without authority. *People v Smith,* 213 Mich 351; 182 NW 64 (1921), *People v Kirby,* 42 Mich App 97; 201 NW2d 355 (1972). When the trial court instructed the jury that the statute was directed against an individual who takes possession of a motor vehicle without the consent of the owner and that was the issue for them to decide, two of the elements of the crime were removed from the

jury's consideration: a driving away and wilfullness.

If a trial court gives a proper instruction, but subsequently gives an improper instruction, we must presume that the jury followed the improper instruction. *People v Gilbert Johnson,* 52 Mich App 560; 218 NW2d 65 (1974). In the instant case, there were no additional instructions given to repudiate the erroneous one. See *People v Neumann,* 35 Mich App 193; 192 NW2d 345 (1971). In cases such as this, defense counsel's failure to object to the instruction does not preclude appellate review. *People v Neumann, supra, People v Johnson, supra.* We must reverse.

### III.

At trial, defense counsel moved to quash the information on the grounds that the defendant had fulfilled the terms of an agreement with the prosecutor's office whereby the prosecutor agreed not to prosecute defendant if he cooperated in procuring evidence to be used in narcotics cases. Defense counsel stated that after defendant had cooperated with the prosecutor, he was informed that defendant would be prosecuted nonetheless because his cooperation was not satisfactory. The trial prosecutor did not dispute any of the allegations made by defense counsel concerning the alleged agreement. The trial court denied the motion to quash ruling that the defendant had not presented a legally sufficient basis for the motion.

Since the trial in the instant case, the Michigan Supreme Court decision in *People v Reagan* was rendered. 395 Mich 306; 235 NW2d 581 (1975). In *Reagan,* the Court held that when a prosecutor

enters into an agreement with a defendant, the agreement and its terms are binding on the prosecutor's office. In that case, the prosecutor agreed to dismiss the prosecution if the defendant successfully passed a polygraph test. The defendant did so and a nolle prosequi was entered in the criminal action. The prosecutor, however, then asked the defendant to submit to a truth serum test. Defendant refused, a new complaint was issued and the defendant was bound over to circuit court after a second preliminary examination. The defendant moved to quash the information based on the agreement with the prosecutor's office. The motion was denied and defendant was ultimately found guilty. The Supreme Court reversed the conviction because defendant's performance of his part of the agreement made it binding on the prosecutor's office.

In the case at bar, the existence of an agreement was alleged. While not proven, its existence was not denied by the trial prosecutor. Applying the *Reagan* holding to the instant case, we conclude that the defendant should have the opportunity to establish the existence of such an agreement on remand. The trial court shall conduct an evidentiary hearing to determine whether or not such an agreement existed and if so, what its terms were. If the trial court finds that an agreement did exist and that defendant did comply with its terms, defendant should be ordered discharged, if such were the terms of the agreement. If the trial court finds that an agreement did not exist or that the defendant did not comply with its terms, defendant may be retried.

Reversed and remanded for proceedings not inconsistent with this opinion.