| 95 | 366 |
| 125 | 576 |
| 95 | 366 |
| 142 | 59 |
| 95 | 366 |
| 181 | 513 |

JACOB GROSS, Clerk,

*v.*

THE PEOPLE *ex rel.* Joseph Cheffer.

*Filed at Mt. Vernon June 14, 1880.*

1. APPEALS *from a trial court—whether to the Supreme or an Appellate court.* In a case involving merely the *construction* of a statute—not its validity—and none of the other conditions existing, necessary to give the right of appeal directly from a trial court to the Supreme Court, the latter court will have no jurisdiction. The appeal in such case should, in the first instance, be taken to the Appellate Court.

2. APPEAL *to the Supreme Court—to what Grand Division.* Where the prayer for an appeal, and the order allowing the appeal, are for an appeal to the Supreme Court generally, this will carry the appeal to the Grand Division

in which the cause was pending. To carry an appeal to another Grand Division, there should be, in addition to the written agreement of the parties, an order of the lower court allowing the appeal to the other Division by name.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. CONSIDER H. WILLETT, for the appellant.

Mr. CHARLES H. WOOD, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Joseph Cheffer presented his petition to the circuit court of Cook county on the 27th of September, 1879, praying that a writ of *mandamus* issue to Jacob Gross, clerk of the circuit court of that county, commanding him to receive and file in his office the transcript and papers in a certain cause, therein particularly described, wherein a change of venue was ordered from the circuit court of Kankakee county to the circuit court of Cook county; and, also, commanding him to file in his office the transcript of a certain judgment, therein particularly described, rendered by a justice of the peace of Cook county.

The circuit court ordered that a peremptory writ of *mandamus* be issued, and the present appeal is prosecuted to reverse that judgment.

The appeal must be dismissed. The only question presented for our consideration is the construction to be placed upon sec. 33, chap. 53, Rev. Stat. 1874, entitled "Fees and Salaries," (p. 515,) in connection with chap. 146, same statute, entitled "Venue," (p. 146,) and sec. 95, chap. 79, same statute, entitled "Justices and Constables," (p. 651.) But this does not concern the *validity* of any statute.

This court, since the passage of the act creating the Appellate Courts, approved June 2, 1877, has jurisdiction of civil cases in which the *validity* of a statute is involved, but in cases involving merely the *construction* of a statute, the ap-

peal must go direct to the Appellate Court, unless the case involves a franchise, a freehold, or relates to the revenue, or is one in which the State is interested. See Laws of 1877, pp. 70, 71; Laws of 1879, p. 222, sec. 88.

The appeal was here prayed to the Supreme Court generally, and so was the order allowing the appeal. This carried the appeal to the Division in which the cause was pending. To carry the appeal to another Division there should be, in addition to the written agreement of the parties, an order of the lower court allowing the appeal to the other Division, by name.

The appeal is dismissed, with leave to counsel for appellant to withdraw his record, abstracts and briefs, if this shall be desired.

*Appeal dismissed.*