## WILLIAM T. CORBIN

### *v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Springfield May 11, 1892.*

1. REPLEVY OF FEE BILL—*what judgment may be rendered thereunder.* The replevy of a fee bill, pursuant to section 27, chapter 33, of the Revised Statutes, is a purely statutory summary proceeding, bringing before the court the questions, only, whether any item or charge contained in such fee bill is not authorized by law, or is for services not actually rendered, or any item is charged higher than is allowed by law; and the only judgment the court can thereupon render is, either one quashing the fee bill and bond, and correcting the taxation of the costs for which such fee bill was issued, or refusing to do so.

2. FEE BILL—*no part of the record.* A fee bill is no part of the record of the case in which it is issued. It is entirely separate from the judgment in the case.

3. WRIT OF ERROR—*what record brought up by it.* A writ of error upon a judgment of conviction in a criminal case will not bring up the record in a proceeding to replevy a fee-bill issued in the case, and re-tax the costs, and a writ of error in the latter proceeding does not bring up the record of the judgment of conviction.

4. RE-TAXING COSTS—*jurisdiction to review action of circuit court.* This court has no jurisdiction to issue a writ of error to review the action of the circuit court in refusing to re-tax costs in a criminal prosecution. Such writ must be issued from the Appellate Court.

WRIT OF ERROR to the Circuit Court of Moultrie county; the Hon. EDWARD P. VAIL, Judge, presiding.

Messrs. J. R. & WALTER EDEN, for the plaintiff in error.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This is a writ of error to the circuit court of Moultrie county, bringing before us for review a judgment of that court refusing to quash a fee bill which had been replevied.

The fee bill is no part of the record of the case in which it is issued, (*Milk* v. *Moore*, 39 Ill. 584,) and the replevin of a fee bill pursuant to section 27, chapter 33, of the Revised Statutes of 1874, is a purely statutory summary proceeding,

bringing before the court the questions, only, whether any item or charge contained in such fee bill is not authorized by law, or is for services not actually rendered, or any item is charged higher than is allowed by law; and the only judgment the court can thereupon render, is either one quashing the fee bill and bond, and correcting the taxation of the costs for which such fee bill was issued, or refusing to do so. It follows, that notwithstanding the fee bill is issued in a criminal case, the replevying of it involves no jury trial and no question of criminal law, and it is as entirely separate and distinct from the judgment in the case as is an action of ejectment to recover possession of land by virtue of a title under sale on execution issuing upon a judgment, separate and distinct from that judgment. A writ of error upon the judgment of conviction could not bring up this record, and this writ of error does not bring up the record of that judgment.

The sole question presented upon this record is, whether witness fees in a criminal case, which have been paid by a county because of the witnesses having attended trial from a foreign county, as provided by the second section of the act approved June 16, 1887, amending section 47 of the act of 1872, concerning fees and salaries, (Public Laws of 1887, p. 187,) can, after such payment, be taxed against the defendant and collected by fee bill. It is not pretended that the statute is unconstitutional, or that the contention of plaintiff in error or its refutation involves any constitutional question. Since, then, this is not a criminal case, we are denied jurisdiction of this writ by section 89 of the present Practice act. (2 Starr & Curtis, 1842.) The writ should have been sued out of the Appellate Court for the Third District. *Gross* v. *People,* 95 Ill. 366; *St. Louis Transfer Co.* v. *Canty,* 103 id. 423.

The writ of error is dismissed, and plaintiff in error is allowed to withdraw his record, abstracts and briefs, if he shall so desire, for the purpose of filing them in the Appellate Court.

*Writ of error dismissed.*