PEOPLE v WEBB

Opinion of the Court

1. Criminal Law—Plea of Guilty—Appeal and Error.

The general rule is that a plea of guilty cannot be reviewed by appeal or error proceedings.

2. Constitutional Law—Criminal Law—Appeal and Error.

An accused, in every criminal prosecution, shall have an appeal as a matter of right (Const 1963, art 1, § 20).

3. Criminal Law—Criminal Prosecution—Definitions—Words and Phrases.

A "criminal prosecution" is generally understood to be a criminal action, a proceeding instituted and carried on by due course of law before a competent tribunal for the purpose of determining the guilt or innocence of the person charged with some crime or offense.

4. Criminal Law—Plea of Guilty—Honest Confessions—Waiver of Defenses.

A plea of guilty, if voluntarily and understandingly made, should be treated as an honest confession of guilt and a waiver of every defense to the charge whether constitutional, statutory or procedural.

5. Criminal Law—Plea of Guilty—Consent Judgment—Appeal and Error.

A plea of guilty is the criminal counterpart of a civil consent judgment and, when properly entered, is unappealable by its own terms.

REFERENCES FOR POINTS IN HEADNOTES
[1-5] 21 Am Jur 2d, Criminal Law §§ 484-496.
[5] 5 Am Jur 2d, Appeal and Error § 116.
  Right to appellate review of consent judgment. 69 ALR2d 755.
[6] 21 Am Jur 2d, Criminal Law § 536.
[7] 21 Am Jur 2d, Criminal Law § 495.
[8] 21 Am Jur 2d, Criminal Law § 485.

6. CRIMINAL LAW—APPEAL AND ERROR—SENTENCE REVIEW.

An appellate court is not a sentence review board when the sentence is within legislatively set limits.

PARTIAL DISSENT BY N. J. KAUFMAN, P. J.

7. CRIMINAL LAW—CONSTITUTIONAL LAW—PLEA OF GUILTY—APPEAL AND ERROR.

*A defendant has an appeal as of right from a guilty plea; this has been the consistent interpretation of the Supreme Court through both the court rules and case law, the Legislature of this state and is the plain meaning of the relevant constitutional provision (Const 1963, art 1, § 20, MCLA 600.309; MSA 27A.309, GCR 1963, 785.11, 806.1).*

8. CRIMINAL LAW—PLEA OF GUILTY—ADVICE TO DEFENDANT—DEFENSE OF COERCION.

*Failure of the court to advise a defendant at a guilty-plea proceeding of a possible defense of coercion was not error.*

Appeal from Recorder's Court of Detroit, James A. Hathaway, J. Submitted February 3, 1977, at Detroit. (Docket No. 29166.) Decided May 4, 1977.

Calvin P. Webb was convicted, on his plea of guilty, of assault with intent to rob while armed. Defendant appeals. Appeal dismissed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Research, Training and Appeals, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Robert J. Singer,* for defendant on appeal.

Before: N. J. KAUFMAN, P. J., and V. J. BRENNAN and M. D. O'HARA,* JJ.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

M. D. O'HARA, J. Appellant was charged with armed robbery. MCLA 750.529; MSA 28.797. Together with his attorney he appeared at trial level on the appointed day. A plea to the lesser included offense of assault with intent to rob being armed, MCLA 750.89; MSA 28.284, was offered and accepted. Defendant was then duly sentenced to 10 to 20 years. The sentence is within the legislatively prescribed limits.

On appeal, asserted as of right, appellant thus states his claim of error:

*Did the trial judge commit reversible error when he failed to inform defendant of the nature of the charge against him, contrary to GCR 1963, 785.7(1)(a)?*

It is obvious that as stated the answer must be "yes". As often happens this phrasing of the question involved includes its own answer. The question assumes an affirmative answer.

What the stated question really means is:

*Did the trial judge fail to advise the defendant of the nature of the charge against him contrary to the cited court rule?*

Appellant contends that he did. His brief however discusses only a completely different question, namely did the defendant commit the admitted act under duress. Capsulized he contends he robbed a commercial establishment at gunpoint to obtain funds to repay a loan which he asserts was in fact extortionary by reason of threats by the moneylender against his, defendant's, wife and child.

The people conceive the issue differently. They state it affirmatively thus:

*A counselled, factually supported plea of guilty waives all defenses including that of duress.*

An issue more significant to our criminal jurisprudence in all respects is difficult to imagine.

The people come immediately to the point and implicitly by their argument add to their stated issue the word "nonjurisdictional".

We then will examine the question rephrased as: *Does a counselled, factually supported plea of guilty waive all nonjurisdictional defenses?*

We begin with *People v Ferguson,* 383 Mich 645; 178 NW2d 490 (1970), the most recent decision of our Supreme Court, quoted from and relied upon by the prosecution. The citation in appellee's brief is from one opinion. The brief does not, as it should (and we trust inadvertently) point out that *Ferguson* is not precedent. It was decided by an equally divided Court with three justices holding unequivocally:

"A plea of guilty terminates the adversary nature of a criminal charge.

" 'A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment.' *Boykin v Alabama* (1969), 395 US 238 (89 S Ct 1709; 23 L Ed 2d 274)." *Ferguson, supra,* 650–651.

Resuming the language of our Supreme Court:

"A plea of guilty embodies a waiver of every defense to the charge, whether constitutional, statutory or procedural." *Ferguson, supra,* at 651.

The opinion in essence holds that defendant in that case *understandingly* tendered his plea of guilty and was not therefore entitled to withdraw it.

The three justices (one of the seven did not participate) who wrote *contra* in *Ferguson* held that the plea in that case was accepted without a

full understanding by the defendant of the charges
against him and the possible consequences of his
plea. Thus the opinion never reaches the question
of the effect of a free and voluntary plea of guilty
and its effect upon an appeal therefrom. Neither
does it discuss the effect of waiver. The trial judge
was affirmed not by judicial majority but by a
judicial standoff. That being the case we are at
liberty to follow either opinion or disregard both.

We think then it is our duty to examine with
care any other decisions of our Supreme Court, the
courts of our sister states, the Federal courts, and
legal encyclopediae and annotations. We begin
with the general.

"A judgment in a criminal case which has been
properly entered on a plea of guilty is, in effect, a
judgment by confession, and ordinarily cannot be re-
viewed by appeal or error proceedings. In some jurisdic-
tions, however, a judgment entered on a plea of guilty
may be reviewed by the appellate court." 4 Am Jur 2d,
Appeal and Error, § 271, p 765.

It is a fair statement that nonappealability is
the majority rule. We cannot here set out the
three pages of annotations which supplement the
general rule, and delineate the exceptions noted.

Next we list the holdings in the various Federal
circuit courts of appeal. Following the general rule
are the third, fourth, fifth, seventh, eighth and
tenth circuits.

Among the states following this rule are Califor-
nia, New York, Minnesota, Ohio, New Mexico and
Virginia.

Despite this weight of authority we do not ac-
cept the all inclusive statement in the people's
brief that there is no contrary doctrine in any

jurisdiction in America. There may be, but if so it is in a distinct minority.

Assuming *arguendo* we deem it prudent to follow the majority rule we must then discuss Article 1, Section 20 of our Constitution of 1963. We set it forth:

"In every criminal prosecution, the accused shall have the right to a speedy and public trial by an impartial jury, which may consist of less than 12 jurors in all courts not of record; to be informed of the nature of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor; to have the assistance of counsel for his defense; *to have an appeal as a matter of right;* and in courts of record, when the trial court so orders, to have such reasonable assistance as may be necessary to perfect and prosecute an appeal." Const 1963, art 1, § 20. (Emphasis supplied.)

The initial and crucial determination to be made at the outset in the construction of this constitutional proviso is: "What is a criminal prosecution?" We cannot assume the delegates to the constitutional convention used the term "criminal *prosecution*" lightly. If there were no significance to the selection of "prosecution", why not simply in every criminal "proceeding"?

Our own Supreme Court has defined it for us. Careful Shepardizing reveals no overruling of the following:

"A prosecution is generally understood to be a criminal action; a proceeding instituted and carried on by due course of law before a competent tribunal for the purpose of determining the guilt or innocence of the person charged with some crime or offense." *People v Ellis,* 204 Mich 157, 161; 169 NW 930 (1918).

The foregoing definition is not peculiar to our state. Rather it finds substantial accord in any number of the other states. We quote some we have examined:

"A prosecution is defined to be the institution or commencement and continuance of a criminal suit; the process of exhibiting formal charges against an offender before a legal tribunal and pursuing them to final judgment." *Corbin v People,* 52 Ill App 355, 356; 31 NE 19 (1892).

"To prosecute is to proceed against judicially. A prosecution is the act of conducting or waging a proceeding in court; the means adopted to bring a supposed offender to justice and punishment by due course of law. It is also defined as the institution or commencement and continuance of a criminal suit; the process of exhibiting formal charges against an offender before a legal tribunal, and pursuing them to final judgment on behalf of the state or government, as by indictment or information." *State v District Court of Burleigh County,* 19 ND 819, 828; 124 NW 417; Ann Cas 1912D, 935 (1910).

"The 'prosecution' in a criminal case, is the continuous following up, by instrumentalities created by law, of a person accused of an offense against the law with a steady and fixed purpose of reaching a judicial determination of the guilt or innocence of the accused. It should not be confounded with the written accusation, nor is the term synonymous with 'criminal action.' It consists of all the successive steps, having relation to each other, taken against the accused by the officer or officers charged with the enforcement of the criminal law. It contemplates proceeding judicially, and involves all written accusations, including complaints, presentments, indictments, and informations successively and continuously lodged against the accused. It may comprehend one or more related actions, provided the offense in each instance is identical and the actions are continuous and are brought and maintained pursuant to lawful authority." *Davenport v State,* 20 Okla Crim 253, 269–270; 202 P 18, 24 (1921).

The common denominator in these definitions is the successive steps to an ultimate judicial determination of guilt or innocence.

The marked difference between this process and a plea of guilty was recognized and well articulated in *Edwards v United States,* 103 US App DC 152; 256 F2d 707, 709 (1958), *cert den,* 358 US 847; 79 S Ct 74; 3 L Ed 2d 82 (1958):

"While the accused may have to take the consequences of a poor defense, he may at least say the fault was not his own. But this is not so when he pleads guilty. Here the deed is his own; here there are not the baffling complexities which require a lawyer for illumination; if voluntarily and understandingly made, even a layman should expect a plea of guilty to be treated as an honest confession of guilt and a waiver of all such defenses known and unknown. And such is the law."

So it should be, for a plea of guilty is in a very real sense the criminal counterpart of a consent judgment civilly. Hence any advertence to an appeal from any "final order" by statute or court rule manifestly excludes an order based upon a consent judgment and is unappealable by its own terms.

In Michigan a very elaborate method of plea taking is prescribed by law. The judge accepting the plea is required to ascertain that the plea is knowingly, understandingly and freely entered. Thereafter he must elicit and make of record the facts surrounding the alleged criminal act so as to establish that elements of the offense to which the plea of guilty is entered are present. Only then can the plea be accepted. When all this has been done and the plea accepted and sentence pronounced, we have been following a practice that is to say the least quixotic. The judge then gives a

form to the accused which in essence says "if within sixty days you want to appeal you can, and if you are indigent a transcript and appellate counsel will be supplied you at public expense".

The natural inquiry in law, in logic, in ordinary common sense becomes "appeal what?"

This Court, and the Supreme Court, have said times without number appellate courts are *not* sentence review boards. A sentence within the legislatively set limits is not open to appellate addition or diminution. Small wonder then puzzlement exists at this contradiction in terms.

We said earlier that *Ferguson, supra,* is not binding on us precedentially. That is true. We also noted that one opinion in *Ferguson* did not reach the question of the effect of a guilty plea properly accepted. We think therefore we are free to follow the *ratio decidendi* of the opinion which did.

We are well aware of statutes and court rules affording appeal from final orders and judgments. It is perfectly obvious to us that the Supreme Court and Legislature did not intend judgments or orders entered by consent in civil cases. A plea of guilty in a criminal case, as noted herein, is the criminal counterpart of a judgment by consent.

For the reasons herein discussed we follow the holding in the opinion in *Ferguson:*

A plea of guilty knowingly understandingly entered embodies a waiver of every defense to the charge whether constitutional, statutory or procedural. *Ferguson, supra,* at 651.

The appeal is dismissed.

V. J. BRENNAN, J., concurred.

N. J. KAUFMAN, J. *(concurring in part, dissent-*

*ing in part).* To some, I am sure, the theories expressed in the majority opinion have a kind of internal logic which might be appealing; but it is clear that when examined outside the limited context in which they are offered, these theories plummet of their own weight. Accordingly, I must dissent from that portion of the majority opinion which dismisses defendant's appeal.

Because no elaborate refutation of the theories proffered in the majority opinion is necessary, I will briefly list, in no particular order of importance, some of the factors which entered into my decision:

(1) the plain meaning of the constitutional provision presently at issue;

(2) the discussion at the constitutional convention regarding this provision, wherein the terms prosecution, conviction and case were used interchangeably. 1 Official Record, Constitutional Convention 1961, pp 562–568. See also, Committee Comment to this Section, 1 Official Record, Constitutional Convention 1961, p 469;

(3) the definitions of criminal prosecution offered in the majority opinion;

(4) GCR 1963, 785.11;

(5) GCR 1963, 806.1;

(6) MCLA 600.309; MSA 27A.309;

(7) *People v McMiller,* 389 Mich 425; 208 NW2d 451 (1973);

(8) *People v Taylor,* 387 Mich 209; 195 NW2d 856 (1972);

(9) *People v Harrison,* 386 Mich 269; 191 NW2d 371 (1971);

(10) *People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973);

(11) *People v Pickett,* 391 Mich 305; 215 NW2d 695 (1974);

(12) *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975);

(13) *People v Butler,* 43 Mich App 270; 204 NW2d 325 (1972);

(14) *People v Ledrow,* 53 Mich App 511; 220 NW2d 336 (1974);

(15) the untold Court of Appeals cases reciting the familiar refrain "Defendant appeals his plea-based conviction as of right".

In light of this hitherto consistent interpretation by the courts of this state, I confess bafflement at how it can be seriously argued that a defendant does not have an appeal as of right from a guilty plea. Obviously, I cannot subscribe to an opinion which reaches such a result.

Because the majority has chosen to write a constitutional repealer, rewrite the court rules, amend a legislative enactment and ignore stare decisis, I must urge the Supreme Court to *sua sponte* grant leave in this case to avoid the confusion which this case will inevitably engender. See *People v Taylor,* 383 Mich 338; 175 NW2d 715 (1970).

This is particularly important because this defendant will reap no benefit from a further appeal, as his conviction must be affirmed. His appellate contention is that the trial judge erred in not advising him of the possible defense of coercion which could be raised at trial. This was not error. *People v Burton,* 396 Mich 238; 240 NW2d 239 (1976).

Because, as I noted above, I feel bound by the pronouncements of the people, the Supreme Court and the Legislature, I dissent from dismissing defendant's case. However, I do vote to affirm his conviction.